UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN JOHNSON, ) | |
| ) | Case No. 1:05-CV-01806 |
| Petitioner, ) | |
| ) | |
| v. ) | Judge Ann Aldrich |
| ) | |
| CHRISTINE MONEY, Warden, ) | Magistrate Judge Nancy Vecchiarelli |
| ) | |
| Respondent. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

In August 2002, petitioner John Johnson ("Johnson") was indicted by the Lorain County Grand Jury on eight counts – three counts of drug trafficking and three counts of drug possession, all with a major drug offender specification, one count of possession of criminal tools, and one count of engaging in a pattern of corrupt activity. Johnson pleaded not guilty to all eight counts. The grand jury returned a supplemental indictment in January 2003, adding three more counts of drug possession, all with a major drug offender specification. After initially pleading not guilty to those three counts, Johnson entered into a plea agreement in October 2003 and pleaded guilty to all counts, save the first three drug possession counts, which were dismissed. Prior to sentencing, Johnson moved to withdraw his guilty plea and his counsel moved to withdraw. At sentencing on February 2, 2004, the state trial court permitted Johnson's counsel to withdraw, appointed new counsel, and continued Johnson's motion to withdraw his plea. At a hearing on February 9, 2004, the state court denied Johnson's motion to withdraw his plea and sentenced him to a total prison term of 12 years.

Johnson failed to file a timely notice of appeal. His untimely notice of appeal and motion to for leave to file a delayed appeal were denied by the Ohio Court of Appeals. Johnson attempted to appeal

that decision to the Ohio Supreme Court, but failed to comply with procedural rules. In July 2005, Johnson filed the instant *pro se* petition for habeas corpus, pursuant to 28 U.S.C. § 2254 [Docket No. 1]. The petition was referred to Magistrate Judge Vecchiarelli for a report and recommendation ("R&R"), which was filed in November 2006 [Docket No. 14]. Magistrate Judge Vecchiarelli recommended that Johnson's petition be dismissed because although he had likely demonstrated cause and prejudice to excuse procedural default of his claims, none of Johnson's claims have merit. Johnson has filed an objection to the R&R [Docket No. 16].

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3 (b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*.

Johnson's "objection" does little more than restate the arguments made before the magistrate judge, continuing to argue the issue of procedural default even though the magistrate judge recommended that the court proceed to an analysis of the merits of Johnson's claims because any procedural default was excused by cause and prejudice. Even under the liberal construction the court gives to *pro se* pleadings, Johnson fails to make any specific objections to the findings of fact or conclusions of law in the R&R. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Johnson's general and conclusory objection is functionally the same as filing no objection at all. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir (1995); *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505, 508-09 (6th Cir. 1991).  In any case, Johnson's objection does not provide the court with any reason to reject the conclusions in Magistrate Judge Vecchiarelli's well-reasoned and thorough R&R [Docket No. 13] that despite excuse for Johnson's procedural default, his claims fail on the merits. Therefore, the court adopts the R&R in its entirety and for the reasons stated therein dismisses the petition for habeas corpus [Docket No. 1].  The case shall be dismissed.  Johnson's "objection" to Magistrate Judge Vecchiarelli's order denying a subpoena [Docket No. 13] is therefore denied as moot.

This order is final, but not appealable, as the court certifies pursuant to 28 U.S.C. § 2253(c)(2) that Johnson has not made a substantial showing of the denial of a constitutional right, and declines to issue a certificate of appealability for this order.

IT IS SO ORDERED.

   /s/ Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: February 21, 2007**